UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD GAINES, as Personal
Representative for the Estate of
RONALD POWERS, Deceased,

    Plaintiff,                                        Case No. 20-11186

vs.                                               HON. MARK A. GOLDSMITH

COUNTY OF WAYNE, et al.,

    Defendant.

_____/

**OPINION & ORDER
(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUBSTITUTE EXPERT
WITNESS (Dkt. 59) AND (2) AMENDING THE AMENDED SCHEDULING ORDER
(Dkt. 56)**

Plaintiff's expert witness disclosures were due on July 21, 2021. See 3/17/21 Scheduling Order (Dkt. 39). On that date, Plaintiff disclosed Nurse Betty Pederson-Chase as an expert witness. See Pl. 7/21/21 Expert Disclosures (Dkt. 61-2). However, pursuant to a motion for leave to substitute an expert witness (Dkt. 59), which Plaintiff filed on October 21, 2021, Plaintiff now seeks to substitute Nurse Ralf Salke for Nurse Pederson-Chase. Plaintiff does not explain why a substitution is needed; rather, he vaguely states that he "became faced with the sudden and unexpected need to substitute nursing experts" and that "[t]he need to substitute experts was not caused by anything done by Plaintiff or counsel." Id. at 8. Plaintiff argues that any prejudice to Defendants caused by the substitution can be remedied by a 60-day extension of the deadlines for fact discovery, expert discovery, and dispositive motions and motions to limit/exclude expert testimony. Id. at 12.

Two Defendants, Wellpath LLC and Latanya Meadows (collectively, the "Wellpath

Defendants"), filed a response in opposition to this motion (Dkt. 61). The remainder of the Defendants do not oppose the motion. Mot. at 2. The Wellpath Defendants contend that granting Plaintiff's motion would harm them because they predicated their entire defense on Nurse Pederson-Chase's opinion, Nurse Salke's opinion changes the theory of Plaintiff's case, and Plaintiff's failure to timely disclose Nurse Salke as an expert prevented the Wellpath Defendants from timely filing a dispositive motion. Resp. at 6–7. The Wellpath Defendants ask the Court to deny Plaintiff's motion or, if the Court grants the motion, require that Plaintiff pay all of their costs associated with the substitution. Id. at 8.

The Court held a hearing on the motion. Following the hearing, the parties filed supplemental briefs (Dkts. 64, 67). For the reasons that follow, the Court grants Plaintiff's motion and extends certain deadlines contained in the amended scheduling order (Dkt. 56). The Court also requires Plaintiff to pay the Wellpath Defendants' costs associated with the substitution.

## I. ANALYSIS

The Federal Rules of Civil Procedure afford district courts broad authority and discretion to manage the discovery process in cases and control their dockets. Marie v. American Red Cross, 771 F.3d 344, 366 (6th Cir. 2014). To facilitate case and docket management, Rule 16(b) requires district courts to issue a scheduling order in each case. A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To enforce scheduling orders, courts have broad discretion to bar expert witness testimony that was not timely disclosed. Matilla v. S. Ky. Rural Elec. Coop. Corp., 240 F. App'x 35, 42 (6th Cir. 2007). Additionally, Rule 37(c) prohibits parties from using a witness who has not been timely identified unless the failure was "substantially justified or is harmless." Courts have looked to both Rule 16(b)(4) and Rule 37(c) when deciding whether to allow a party to substitute an expert witness when the first expert

2

becomes unavailable.  Carlson v. Fewins, No. 1:08-cv-991, 2016 WL 7971764, at *1 (W.D. Mich. Oct. 19, 2016).  Under both standards, the moving party bears the burden of proving that the requested substitution should be permitted.  See id.

The "primary measure" for establishing good cause to amend the scheduling order under Rule 16(b) is the "moving party's diligence in attempting to meet the case management order's requirements."  Whiteside v. State Farm Fire and Cas. Co., No. 11-10091, 2011 WL 5084981, at *1 (E.D. Mich. Oct. 26, 2011) (punctuation modified).  Courts should also consider possible prejudice to the party opposing the modification.  Id.  The guiding question in the Rule 37(c) analysis is whether the moving party has offered a "reasonable explanation" for why it did not comply with the disclosure requirements or has established that the mistake was harmless.  Scheel v. Harris, No. 3:11-17-DCR, 2012 WL 3879279, at *2, *10 (E.D. Ky. Sept. 6, 2012) (punctuation modified).  Rule 37(c) provides alternatives to exclusion of the evidence or witness, including payment of reasonable expenses and attorney fees.  Fed. R. Civ. P. 37(c)(1)(A).

Plaintiff's counsel contends that once he discovered the need for the substitution, he acted diligently, providing Defendants with Nurse Salke's report on October 7, 2021.  Mot. at 8.  But because Plaintiff's counsel does not specify exactly when he learned of the need for substitution, it is difficult to assess his diligence.  Further, the motion failed to offer any explanation—let alone a reasonable one—regarding the need for the substitution.  At the motion hearing, Plaintiff's counsel amplified only slightly, acknowledging that Nurse Pederson-Chase was no longer willing to testify to the opinions previously attributed to her.

Additionally, prejudice or harm to the Wellpath Defendants is a real concern.  The substitution is not merely a change in the players who will take the field; Nurse Salke's opinion changes Plaintiff's theory of the case.  As the Wellpath Defendants point out, see Defs. Supp. Br.

at 7 (Dkt. 64), Nurse Salke's opinion shifts focus from the care rendered by Defendant Nurse Latanya Meadows to care rendered by other nurses and staff. Because their deadline to file expert disclosures has already passed, the Wellpath Defendants have been deprived of the opportunity to have their own experts respond to the different opinions put forth by Nurse Salke. Further, Plaintiff's late-game substitution hindered the Wellpath Defendants' ability to file a dispositive motion by the deadline set in the prior amended scheduling order—November 22, 2021. See Resp. at 7.

For these reasons, Plaintiff has failed to carry his burden in showing that "good cause" exists to allow the substitution or that his failure to timely disclose his new expert was "substantially justified or harmless." However, this does not mean that Nurse Salke must be excluded as an expert. See Roberts ex rel. Johnson v. Galen of Va., Inc., 325 F.3d 776, 784 (6th Cir. 2003) (explaining that Rule 37(c)(1) gives district courts discretion to impose sanctions other than exclusion). Here, excluding Nurse Salke would be a harsh remedy as it would be fatal to Plaintiff's case. See Assaf v. Cottrell, Inc., No. 10 CV 0085, 2012 WL 245196, at *6 (N.D. Ill. Jan. 26, 2012) (declining to exclude a new expert, even though substitution would be prejudicial to the nonmovant, because, in relevant part, excluding the new expert "would essentially end the case"). And exclusion is not necessary to prevent unfair surprise to the Wellpath Defendants. See Roberts, 325 F. at 784 (explaining that the district court's decision to "allow[] [the defendant] to replace its expert" without permitting the expert to testify as to new opinions, prevented "unfairly surprising [the plaintiff] with unexpected new opinions," and was an "equitable" solution, "consonant with both the text and logic of Rule 37(c)(1)"). Because trial is still several months away—and must be adjourned in any event due to scheduling constraints imposed by the current pandemic—ample time for further discovery and motion practice remains.

4

Accordingly, the Court elects to impose an alternative sanction. Specifically, the Court orders Plaintiff to pay the Wellpath Defendants' costs associated with the substitution. Assaf, 2012 WL 245196, at *5 (awarding costs to the blameless party to redress prejudice caused where resources were wasted preparing for a disqualified expert); Vincent v. Omniflight Helicopters, Inc., No. 08-C-0572, 2009 WL 4262578, at *4–5 (E.D. Wis. Nov. 24, 2009) (permitting plaintiff to substitute an expert after close of discovery on the condition that the plaintiff remedy the prejudice of "waste of time and money" by reimbursing the defendant for expenses incurred in deposing the original expert); Jung v. Neschis, No. 01 Civ. 6993, 2007 WL 5256966, at *16 (S.D.N.Y. Oct. 23, 2007) (permitting substitution of new expert for prior one, and concluding that prejudice could be mitigated by requiring plaintiffs to compensate defendants for the costs and fees associated with their prior expert discovery efforts). Further, the Court will extend the dates and deadlines to give the parties time to conduct further discovery and file dispositive motions.

## II. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for leave to substitute expert witness (Dkt. 59). However, Plaintiff is required to pay the Wellpath Defendants' costs associated with the substitution. On or before January 7, 2022, the Wellpath Defendants must file a memorandum itemizing and substantiating the amounts they claim as costs associated with the substitution, and including any relevant citations of authority. Plaintiff may file a responding memorandum no later than January 14, 2022.

The dates and deadlines contained in the amended scheduling order (Dkt. 56) are modified as follows:

| EVENT | DEADLINE |
|---|---|
| Fact Discovery | **February 14, 2022** |
| Expert Discovery | **February 14, 2022** |

|  |  |
|---|---|
| Dispositive Motions & Motions to Limit/Exclude Expert Testimony | **February 28, 2022** |
| All Other Motions, Including Motions in Limine | **June 14, 2022** |
| Joint Final Pretrial Order | **June 14, 2022** |
| Final Settlement Conference | **August 8, 2022 @ 1:30 p.m.** |
| Final Pretrial Conference | **August 29, 2022 @ 1:30 p.m.** |
| Trial - Jury | **September 12, 2022 @ 8:30 a.m.** |

SO ORDERED.

Dated: December 20, 2021         s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge